UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

MICHELLE D. VELEZ,

    Plaintiff,

v.

BADCOCK'S ECONOMY FURNITURE STORE, INC.,

    Defendant.

_____/

CASE NO.: 9:19-cv-81170

**JURY TRIAL DEMANDED**

# COMPLAINT

NOW comes MICHELLE D. VELEZ ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of BADCOCK'S ECONOMY FURNITURE STORE, INC. ("Defendant"), as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, and violations of the Florida Consumer Collection Practices Act ("FCCPA") pursuant to Florida Statutes §559.55, for Defendant's unlawful conduct.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Southern District of Florida and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Florida.

## PARTIES

4. Plaintiff is a consumer over-the-age of 18, residing in Palm Beach County, Florida, which is located within the Southern District of Florida.

5. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6. Defendant is engaged in the business of offering credit services and collecting or attempting to collect, directly or indirectly, debts owed or due using the mail and telephone from consumers across the southeast of the United States, including consumers located in the State of Florida. Defendant's principal place of business is located at 3931 RCA Boulevard 3122, Palm Beach Gardens, Florida 33410.

7. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. Around the fall of 2018, Plaintiff financed the purchase of personal and household goods through Defendant.

10. Due to financial difficulty, Plaintiff fell behind on her scheduled payments to Defendant, thus incurring debt ("subject debt").

11. On the fall of 2019, Plaintiff began receiving calls to her cellular phone, (561) XXX-1771, from Defendant.

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -1771. Plaintiff is and always has been financially responsible for the cellular phone and its services.

13. Defendant has primarily used the telephone number (561) 588-2717 when placing collection calls to Plaintiff's cellular phone, but upon belief, it has used other numbers as well.

14. Upon information and belief, the above-referenced phone number ending in -2717 is regularly utilized by Defendant during its debt collection activities.

15. During answered calls from Defendant, Plaintiff has been subjected to a noticeable pause, lasting a handful of seconds in length, and has to repeatedly say "hello" before a live representative begins to speak.

16. Plaintiff informed Defendant of her intent to address the subject debt, but demanded that that Defendant cease calling her cellular phone and that it restrict its communications with Plaintiff through e-mail.

17. Defendant willfully ignored Plaintiff's demands and continued placing phone calls to Plaintiff's cellular phone.

18. Plaintiff has received not less than 20 phone calls from Defendant since demanding that it stop contacting her.

19. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

20. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

21. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to: invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending

calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though fully set forth herein.

23. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") or pre-recorded messages without their consent.  The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

24. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone.  The noticeable pause that Plaintiff experienced upon answering Defendant's calls, as well as the fact that Plaintiff had to repeatedly say "hello" before she was connected with a live representative, is instructive that an ATDS was being utilized to generate the phone calls. Additionally, Defendant's continued contacts after Plaintiff demanded that the phone calls stop further demonstrates Defendant's use of an ATDS.  Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

25. Defendant violated the TCPA by placing at least 20 phone calls to Plaintiff's cellular phone using an ATDS without her consent.  Any consent Plaintiff may have given to Defendant by virtue of incurring the subject debt was explicitly revoked by her demands that it cease contacting her.

26. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. § 227(b)(1)(A)(i).

27. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, MICHELLE D. VELEZ, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

28. Plaintiff restates and realleges paragraphs 1 through 21 as though fully set forth herein.

29. At all times relevant to this Complaint, Plaintiff, was and is a natural person, and is a "consumer" as that term is defined by Florida Statutes §559.55(8).

30. At all times relevant to this action Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

31. At all times relevant to this Complaint, Defendant was and is a "person" as said term is defined under Florida Statute §1.01(3) and is subject to the provisions of Fla.Stat. §559.27 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. §559.72 because said provision applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla.Stat. §559.51(1).

32. At all times material hereto, the subject debt is a "consumer debt" as said term is defined under Florida Statute § 559.55(6).

33. Defendant violated sections 559.72(7) and 559.72(9) of the FCCPA through its unlawful conduct.

    **a.  Violations of FCCPA § 559.72(7)**

34. A person violates section 559.72(7) of the FCCPA when it willfully communicates with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

35. Defendant violated section 559.72(7) of the FCCPA when it placed repeated harassing telephone calls to Plaintiff after she demanded that it stop calling. Instead of abiding by Plaintiff's wishes, Defendant placed no less than 20 calls to Plaintiff's cellular phone after she demanded that it cease calling her.

WHEREFORE, Plaintiff, MICHELLE D. VELEZ, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Enter judgment in Plaintiff's favor and against Defendant;

b. Award Plaintiff her actual damages in an amount to be determined at trial pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77

c. Award Plaintiff statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

d. Award Plaintiff and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);

e. Award Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

f. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

g.  Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: August 20, 2019                                Respectfully Submitted,

/s/ Alexander J. Taylor
Alexander J. Taylor, Esq.
Florida Bar No. 1013947
Sulaiman Law Group, Ltd.
2500 S. Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
Facsimile: (630) 575-8188
ataylor@sulaimanlaw.com
*Counsel for Plaintiff*